## LIABILITY UNDER THE FEDERAL LAW FOR THE DEATH OF A SWITCHMAN.

Court of Appeals for Hamilton County.

THE PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO. v. STEWART, ADMINISTRATRIX.*

Decided, July 22, 1913.

*Negligence—Federal Law Relating to Interstate Commerce Controls— In Case of Death of a Switchman While Handling a Car Load of Coal in Transit From One State to Another.*

A car of coal, shipped into Ohio from another state and transferred to an Ohio railway for its own use, continues to be interstate commerce business while standing in the yard of said road with bulk unbroken, and the law relating to interstate commerce business is applicable to the case of a brakeman who was killed in the shifting of said car from one track to another.

*Robert Ramsey*, for plaintiff in error.
*Sherman T. McPherson*, contra.

SWING, J.; JONES (E. H.), J., and JONES (Oliver B.), J., concur.

This action is in this court on error to the judgment of the Superior Court of Cincinnati. In that court it was an action for the wrongful death of Morey M. Stewart, who, at the time of the accident, was a brakeman in the employ of the said the P., C., C. & St. L. Railway Company.

Two principal grounds of error are alleged in this court in said judgment: First, that the evidence does not show in what manner and by what means said Stewart met his death. At the time Stewart was killed he was engaged in braking on a car loaded with coal in the yard of the said company in the city of Cincinnati at about 11:30 o'clock on the evening of June

*Affirming *Stewart* v. *Railway*, 11 O. L. R., 430; motion to require the Court of Appeals to certify its record overruled February 3, 1914.

12, 1912. The last seen of him he was stationed at the brakes on said car, which car was making what is called "a flying switch." Shortly afterwards his body was found mutilated on the track near where the switch was being made. No one saw him fall, and the exact manner in which he was killed was not shown. But the evidence fairly shows that the brake was defective, and the platform on which he was compelled to stand in order to operate the brake was defective.

It seems to us, under the evidence, that the jury was justified in finding that he met his death from either one of these defects, or both combined. It seems to us, as it must have seemed to the jury, that this was the most probable and most reasonable cause of the accident. Stewart was, as it was shown, a brakeman of skill and a man of good habits, and the only reasonable hypothesis upon which his death can be predicated must be that it was caused by the defects in the appliances which he was compelled to use in the performance of his duty.

The next question urged is, that at the time of the accident Stewart was not engaged in interstate commerce business. The facts as to this are not in dispute. The car was loaded with coal and was shipped over the Chesapeake & Ohio Railway from Handley, West Virginia, on April 24, 1912. It was received by plaintiff in error in the city of Cincinnati, and by it transferred to its Undercliff yard four or five miles east of Cincinnati, where it remained until the day of the injury. The car was intended for use at the power house of the said company in said city. The bulk had not been broken and it was in the same condition as when received from said Chesapeake & Ohio Railway Company. It seems to us that this was still interstate commerce business and, being such, that the laws of the United States applicable to such business applied to this case.

The other question raised in the case in regard to the charge of the court, we do not think was well taken; on the whole, we think the charge was fair and correct, and therefore hold that there is no error in the record, and the judgment will be affirmed.

Judgment affirmed.